IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA SWANSON, ) </br> ) </br> Plaintiff, ) </br> ) No. 07 C 1185 </br> v. ) </br> ) Judge Robert W. Gettleman </br> TODD ENDRES, in his professional and individual ) </br> capacities and BRADY CORPORATION, a ) </br> Wisconsin corporation, ) </br> ) </br> Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Laura Swanson, has filed a two count complaint against defendants Todd Endres and his employer, Brady Corporation ("Brady"), seeking damages for personal injuries sustained in an automobile accident that occurred in Racine, Wisconsin. Defendants have moved to transfer venue to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1406(a). For the reasons discussed below, defendant's motion is granted.

## FACTS

According to the complaint, plaintiff is a citizen and resident of Illinois. Defendant Brady is a Wisconsin corporation with its principal place of business in the Eastern District of Wisconsin. Defendant, Todd Endres, is a citizen and resident of the Eastern District of Wisconsin and an employee of defendant Brady Corporation. The amount in controversy for is in excess of $75,000 exclusive of interest and costs.

On or about June 3, 2005, plaintiff and defendant Endres, who was driving a company car and acting within the scope of his employment with defendant Brady Corporation, were

involved in an accident in Racine, Wisconsin. According to plaintiff, Endres negligently drove his vehicle into plaintiff's lane of travel causing her vehicle to collide with defendant and a concrete median barrier. The accident resulted in injuries to plaintiff for which she seeks compensation.

## DISCUSSION

Defendants have moved to transfer the case pursuant to 28 U.S.C. § 1406(a) to the Eastern District of Wisconsin, arguing that venue is improper in Illinois. In an action founded solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a) which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In the instant case, because both defendants reside in Wisconsin venue is proper in any district in which either one of the defendants resides. Because both defendants reside in the Eastern District of Wisconsin, venue is proper there.

Additionally, under 28 U.S.C. § 1391(a)(2) venue is also proper in the Eastern District of Wisconsin because the events giving rise to the claim (the accident) occurred there. Finally, 28 U.S.C. § 1391(a)(3) does not apply because it is reserved for those instances in which there is no district where the action may otherwise be brought.

Despite the fact that venue is proper in the Eastern District of Wisconsin, plaintiff has brought the case in the Northern District of Illinois, the district in which she resides. Although

2

unclear, she appears to be asserting that venue is proper here under § 1391(a)(1)[1] because, as noted above, under § 1391(a)(2) venue lies in the Eastern District of Wisconsin and § 1391(a)(3) is inapplicable. Therefore, although not articulated well, plaintiff must be relying upon § 1391(a)(1).

Under that subsection, because both defendants reside in the same state, venue is proper in any district in which either one of the defendants resides. As noted, all defendants reside in Wisconsin, making the district in which either defendant resides proper venue. As a corporation, however, Brady is also "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). It is uncontested that Brady is subject to personal jurisdiction in the Northern District of Illinois and, therefore, resides in the district. Because all defendants reside in Wisconsin, plaintiff must be arguing that this district is a proper venue because it is a district where one defendant resides and all defendants reside in the same state, albeit a different state than where venue is being asserted. This argument, however, does not further the purpose of the venue statute and has been consistently rejected. *Difilippo v. Sherenian*, 1996 WL 58255 at * 2 (E.D. Pa. 1996); *See Gerety v. Sunrise Exp., Inc.*, 1996 WL 19407 at * 2 (S.D.N.Y. 1996). The statute requires that venue lie in a district in the state where all defendants reside. *See Gerety v. Sunrise Exp., Inc.,* 1996 WL 19047 at * 2 (S.D.N.Y. 1996) (providing an explanation of the meaning and purpose of § 1391(a)(1)).

---

[1]Plaintiff's brief confuses personal jurisdiction with venue, which are two very distinct legal concepts. Personal jurisdiction refers to the power of a court over the defendant. Venue designates the particular court among those with jurisdiction that may hear and determine a case.

Under plaintiff's argument, venue would be proper in this case in any district, in addition to the Eastern District of Wisconsin, in which Brady is subject to personal jurisdiction. This makes no sense and contradicts the purpose of the venue requirement, which is to make litigation more convenient for all parties.

Because both defendants do not reside in Illinois and a substantial part of the events giving rise to the claim did not occur in Illinois, this district is not a proper venue. When venue is improper, 28 U.S.C. § 1406(a) allows the court to dismiss the case or, in the interest of justice, transfer the case to any district in which it could have been brought. The Eastern District of Wisconsin is the only district where venue is proper. Accordingly, in the interest of justice the court transfers this case to the Eastern District of Wisconsin.

## **CONCLUSION**

For the reasons discussed above, defendant's motion to transfer venue is granted. This case is transferred to the Eastern District of Wisconsin.

**ENTER:** **June 6, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**